[Cite as *State v. Chandler*, 2016-Ohio-2713.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P.J. |
|     Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 2015CA00067 |
| ANTHONY R. CHANDLER | |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of Common Pleas, Trial Court Case No. 14CR879

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      April 21, 2016

APPEARANCES:

For Plaintiff-Appellee

KENNETH W. OSWALT
Licking County Prosecutor

By: Bryan R. Moore
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

For Defendant-Appellant

JUSTIN M. FOX
5 East Long Street, Suite 603
Columbus, Ohio 43215

*Hoffman, J.*

{¶1}    Defendant-appellant Anthony R. Chandler appeals his sentence entered by the Licking County Court of Common Pleas, on one count of abduction, two counts of domestic violence, and one count of resisting arrest, after he pled guilty to the charges. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    On December 23, 2014, Newark Police Officers responded to 83 ½ Mound Court in Newark, Licking County, Ohio, on a report of a domestic disturbance. The victim, Alyssa Burns, was waiting on the front porch when the officers arrived. Burns informed the officers Appellant, her live-in boyfriend, had escalated a verbal argument into a violent encounter. Burns detailed the assault, telling the officer Appellant had hit her in the face, threw a can of alcohol at her, slammed her head into a wall, threw her down a flight of stairs, and spit in her face. The officers were unable to locate Appellant, who had fled from the residence. Appellant's sister, who lives next door, witnessed the assault and verified Burns' account. As a result of the assault, Burns suffered a sprained ankle and scrapes on her hands.

{¶3}    On January 2, 2015, Newark Police Officers were again dispatched to 83 ½ Mound Court after Appellant's sister placed a 911 call, reporting Appellant was assaulting Burns. Appellant's sister stated Appellant had trapped Burns inside a bedroom in the apartment by closing the door, holding her at knife point, and threatening to kill her. The officers arrived and found the front door to the apartment open. They heard a woman crying and screaming and a man yelling at the woman for calling the police. The screaming and yelling was coming from behind a closed door, which the officers kicked

in.  Inside the room, the officers observed Burns pinned against a wall while Appellant held her at knife point.  The officers ordered Appellant to drop the knife and show his hands.  Appellant refused to comply.  Although the officers tazed Appellant twice, he still refused to comply.  Three officers were needed to take Appellant down.  Burns had visible red marks on her neck.  She informed the officers Appellant had choked her to the point she almost lost consciousness.  Burns was so terrified during the attack she urinated on herself.

{¶4}   On January 22, 2015, the Licking County Grand Jury indicted Appellant on one count of abduction, in violation of R.C. 2905.02(A)(2), a felony of the third degree; two counts of domestic violence, in violation of R.C. 2919.25(A), misdemeanors of the first degree; and one count of resisting arrest, in violation of R.C. 2921.33(A), a misdemeanor of the second degree.  Appellant entered a plea of not guilty at his arraignment on January 27, 2015.

{¶5}   Appellant appeared before the trial court on August 24, 2015, and advised the trial court he wished to withdraw his former plea of not guilty and enter a plea of guilty to all of the charges.  The state advised the trial court the parties had entered into plea negotiations which resulted in a joint agreement.  The parties recommended Appellant be sentenced to 180 days in jail with credit for time served, the sentence be suspended for two years with Appellant being placed on community control, and Appellant be given work-release while he served his remaining 49 days in jail.  The trial court told the parties it would not follow the joint recommendation based upon its review of the pre-sentence investigation report and the facts of the case.  The trial court then inquired of Appellant if he still wished to enter a guilty plea.  Appellant informed the trial court he would proceed

with the plea despite the trial court's indication it would not follow the parties' joint recommendation. The trial court conducted a Crim. R. 11 colloquy with Appellant, accepted Appellant's plea, and found him guilty of the four counts contained in the Indictment. The trial court sentenced Appellant to an aggregate term of imprisonment of 30 months. The trial court memorialized Appellant's conviction and sentence via Judgment of Conviction and Sentence filed August 24, 2015.

{¶6} Appellant appeals his sentence, raising as his sole assignment of error:

{¶7} "I. THE TRIAL COURT VIOLATED THE APPELLANT'S CONSTITUTIONAL RIGHTS AND ABUSED ITS DISCRETION WHEN IT SENTENCED THE APPELLANT TO 30 MONTHS, A NEAR MAXIMUM PENALTY."

I

{¶8} Appellant's argument is two-fold. First, Appellant contends the trial court abused its discretion when it rejected the joint recommendation of the parties prior to hearing the parties' arguments. Next, Appellant submits the trial court abused its discretion in sentencing Appellant to a 30 month term of imprisonment as such was greatly excessive under the traditional concepts of justice. We disagree.

{¶9} A trial court is not bound by a plea agreement unless there has been active participation by the trial court in the agreement. *State v. Hartrum*, Licking App. No. 2014 CA 00106, 2015 -Ohio- 3333. Such participation was not present sub judice. "If we accept appellant's argument, we would be abrogating the constitutional right of the trial court to determine the appropriate sentence. It would abrogate the separation of powers doctrine if the state was permitted to force a particular sentence upon a trial court." *Id.* (Citation omitted).

{¶10} After being informed of the parties' joint recommendation, the trial court unequivocally stated it would not follow the recommendation and provided Appellant with time to decide if he still wished to enter a guilty plea. Despite the forewarning, Appellant, nonetheless, chose to enter his plea. The trial court then conducted a Crim. R. 11 colloquy during which it repeated it would not follow the joint recommendation and advised Appellant of the range of penalties. The trial court sentenced Appellant within the statutorily authorized range. A trial court does not err by imposing a sentence greater than a sentence recommended by the State when the trial court forewarns the defendant of the range of penalties which may be imposed upon conviction. *State v. Buchanan,* 154 Ohio App.3d 250, 2003–Ohio–4772, 796 N.E.2d 1003. We find the trial court did not abuse its discretion in rejecting the joint recommendation.

{¶11} Appellant further asserts the trial court abused its discretion in sentencing him to a 30 month term of imprisonment, which he maintains is greatly excessive.

{¶12} In *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, ¶ 4, the Supreme Court of Ohio set forth the following two-step approach an appellate court must undertake when reviewing a sentence: "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983). Our standard of review was reaffirmed by this Court in *State v. Bailey,* 5th Dist. Ashland No. 14–COA–008, 2014–Ohio–5129.

**{¶13}** Upon review, we find the trial court's sentencing complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Furthermore, the record reflects the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code, and advised Appellant regarding post-release control. We, therefore, find the sentence was not clearly and convincingly contrary to law.

**{¶14}** Having determined the sentence is not contrary to law, we must now review the sentence pursuant to an abuse of discretion standard. *Kalish*, supra, at ¶ 4; *State v. Firouzmandi,* 5th Dist. No.2006–CA–41, 2006–Ohio–5823 at ¶ 40. In reviewing the record, we find the trial court gave careful and substantial deliberation to the relevant statutory considerations.

**{¶15}** Where the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation. Where the record adequately justifies the sentence imposed, the court need not recite its reasons. In other words, an appellate court may review the record to determine whether the trial court failed to consider the appropriate sentencing factors. *State v. Robinson,* 5th Dist. Muskingum No. CT2012–0005, 2013–Ohio–2893, ¶ 19–20, citing *State v. Firouzmandi,* supra, at ¶ 52.

**{¶16}** Accordingly, appellate courts can find an "abuse of discretion" where the record establishes a trial judge refused or failed to consider statutory sentencing factors. *Cincinnati v. Clardy,* 57 Ohio App.2d 153, 385 N.E.2d 1342 (1st Dist.1978). An "abuse of discretion" has also been found where a sentence is greatly excessive under traditional

concepts of justice or is manifestly disproportionate to the crime or the defendant. *Woosley v. United States,* 478 F.2d 139, 147 (8th Cir.1973).

{¶17} We find the record does not lack sufficient data to justify the sentence. Appellant had an extensive criminal history. Appellant held his live-in girlfriend at knife point and choked her close to unconsciousness. Appellant was so out of control when the police arrived, they tazed him twice. It took three officers to subdue him. Appellant's claimed inability to recollect the events of the evening were due to his use of methamphetamines, for which he tested positive during the proceedings. Transcript August 24, 2015 Change of Plea and Sentencing at 29.

{¶18} Based upon the foregoing, we find the trial court neither abused its discretion in not following the parties' joint recommendation nor in sentencing Appellant to a 30 month term of imprisonment.

{¶19} Appellant's sole assignment of error is overruled.

By: Hoffman, J.

Farmer, P.J. and

Wise, J. concur